JAMES P. SIMMONS, plaintiff in error, *vs.* GEORGIA V. MARTIN, administratrix, defendant in error.

1. Plaintiff in error executed to defendant's intestate the following instrument:

"$1,663 00. Received of Mrs. C. C. Gordon sixteen hundred and sixty-three dollars (in notes on myself to that amount,) which sum I am to loan and keep out at interest for her during the pleasure of both parties, and to turn over to her the proceeds thereof on request, the interest accruing thereon, payable annually in currency while I manage the same for her, and I hereby bind myself to turn over to her good notes or *fi. fas.* to the amount, on demand, and to guaranty the payment thereof. February 23d, 1865. (Signed) J. P. SIMMONS. "Attest: MARCUS L. GORDON."

*Held,* that if, on a settlement under said contract, the proceeds of the amount deposited were in notes or *fi. fas.* on third persons, the payee had the right, at the time of the settlement, to demand that the maker of the instrument should guaranty the payment of such notes and *fi. fas.*

2. An action can be maintained on the contract for the amount specified in it, by proof that the plaintiff demanded a settlement with such a guaranty, and

Simmons *vs.* Martin.

a refusal by the maker to give it, although he tendered the papers which were the proceeds of the fund so received.

3. If the defendant pleads a tender of the notes and *fi. fas.*, he should show that it was accompanied by an offer to guaranty as stipulated in the contract.

4. If it be pleaded that the money was invested in the notes and *fi. fas.* with the knowledge and consent of the payee, it should appear that it was intended by the parties to have been a satisfaction and discharge of defendant's liability to give the guaranty before it could so operate.

5. So, also, any consent by an agent of the administratrix that the defendant might compromise one of the *fi. fas.*, is no waiver of plaintiff's right, unless it was so intended and understood at the time such consent was given.

Contracts. Guaranty. Tender. Pleadings. Waiver. Before Judge RICE. Gwinnett Superior Court. September Adjourned Term, 1874.

This litigation was before this court at the last term. See 52*d Georgia Reports,* 570.

Georgia V. Martin, as administratrix upon the estate of Clarissa C. Gordon, deceased, brought complaint against James P. Simmons upon the receipt incorporated in the first head-note. The defendant pleaded as follows: 1st. The general issue. 2d. A tender of "the notes and *fi. fas.* which he held as the proceeds of said funds in his hands for plaintiff's intestate, as agreed in and by the paper sued on." 3d. The defendant had, by agreement with plaintiff's intestate, "assigned to her certain notes and an interest in certain *fi. fas.* to the amount of said sum so in his hands for her, and which he held as her attorney at law and agent at the time of her death." 4th. The notes, *fi. fas.* and sums of money tendered by him were the proceeds of the fund so received by him, and were thus recognized by plaintiff's intestate. A portion of this fund, now represented by the notes of R. D. Winn, G. W. Arnold and D. S. Arnold, was so invested under the advisement of plaintiff's intestate. The notes and executions tendered were against solvent parties.

On motion, all of defendant's pleas, except that of the general issue, were stricken. To which ruling defendant excepted.

Simmons *vs.* Martin.

It appeared from the testimony that plaintiff's attorneys, prior to the institution of this suit, demanded from the defendant compliance with the terms of his receipt; that thereupon he tendered to them certain notes, executions, and some money; that they refused to receive the notes and *fi. fas.* unless the defendant would guarranty their payment, but offered to take the money and credit the same on the receipt; that the defendant refused to accede to this proposition unless the plaintiff would accept the notes and *fi. fas.*

When the evidence for the plaintiff was closed the defendant moved for a non-suit. The motion was overruled, and he excepted.

The defendant introduced the plaintiff to prove the execution of the following letter:

"YELLOW RIVER, GA., July 30th, 1866.

"MR. SIMMONS—*Dear Sir:* I handed Mark your receipt last spring, and he still holds it to collect the interest that is due on it, but he says that the times are so hard the gentlemen owing it can't pay anything now. I am coming up by the first of November. Please try to collect the interest by that time, as I am in great need of some money. If they will pay the interest annually and promptly, that will be all I will ask of them during my life. Please write to me what you think you can do for me. Direct your letter to Yellow River. By so doing you will oblige your friend,

(Signed)·        "CLARISSA GORDON."

She stated that the letter was written by her at the request of her mother, the intestate; that her intestate did not intend thereby to release the defendant from his obligation to guaranty the payment of the notes and executions, or to recognize them as hers.

The letter aforesaid was then offered in evidence. On objection made it was excluded, and defendant excepted.

The defendant proposed to show the solvency of the makers of the notes tendered by him. On objection made this evidence was excluded, and he excepted.

The defendant then proposed to prove by R. D. Winn that at the time said notes were made he (the defendant) represented himself as the agent of plaintiff's intestate, and stated that they were taken for her benefit. This evidence was also rejected, and the defendant excepted.

The jury found for the plaintiff. The defendant moved for a new trial, alleging error in each of the aforesaid rulings, and upon the further ground that a plea had not been filed which he supposed had been, and that he discovered this omission after the trial. This plea merely set forth a compromise which had been made under the approval of the agent of the plaintiff, with certain of the defendants in execution, whereby $289 52 was deducted from the interest of the plaintiff in said *fi. fas.* Therefore the verdict was, in any event, for too much by that amount.

The motion was overruled, and the defendant excepted.

JAMES P. SIMMONS; WINN & SIMMONS; A. T. AKER-MAN, for plaintiff in error.

W. W. CLARK; N. L. HUTCHINS; F. F. JUHAN, for defendant.

TRIPPE, Judge.

1. We think that the questions controlling all the issues made in this record were determined. at the last term of this court, in a case between the same parties. That was a bill filed by the plaintiff in error in reference to this same receipt, and practically presented the principles which now guide us. It was then held that the legal effect of the agreement was, that Simmons took his notes as money and agreed to loan out that sum as her agent, and account for the proceeds on request, paying her the interest annually, and if, on a settlement, the proceeds should be in notes or *fi. fas.* on third persons, he undertook to guaranty their payment. It was meant by that, that he was to give the guaranty *when* the notes or *fi. fas.* might be turned over. If Mrs. Gordon was not entitled to

such a guaranty thus executed, it would have been almost an impracticable matter for her to have made proof of·the papers that were thus delivered to her, at least it would have burdened her right so as seriously to have affected it and to have lessened the value of the securities she received.   With Mr. Simmons' guaranty to or on the papers, they might and doubtless would have been increased in their negotiable value as well as their final worth.   At least she bargained for this, and had a written promise of it.   This gave her a legal right to demand it.   Had the promise been that he would *indorse* any note which he turned over, to be secondarily liable thereon, it would hardly be doubted that Mrs. Gordon could have claimed the actual indorsement of such note by Simmons. It would not have been a good reply to her demand for it to say that the promise in the original agreement was sufficient. Nor is such a reply good when she contracted for the guaranty.   There can be no difference.

2. This being so, when Mr. Simmons refused to give the guaranty at the time the demand was made, and his creditor refused to receive them without it in discharge of his agreement, there was a breach of the contract.   The promissor had refused to deliver what he had agreed to deliver, and in the form it was to be when delivered, in discharge of a specific sum of money, and his liability then was to pay that sum. The damages, the amount due, were fixed by the contract, and on a breach thereof that sum is what is recoverable.

3. Under the construction we give the contract, a plea of tender of the notes and *fi. fas.* was not good unless it shows that the guaranty was also offered.   For it could avail the defendant nothing by way of tender to offer what there was no obligation to accept.

4. Two of the pleas excepted to and stricken were somewhat in the nature of pleas of accord and satisfaction, or of payment, it is hard to say which.   They were in fact neither, nor could the facts recited in them support a plea of either sort, unless they went further and were set up as having been accepted and recognized as a satisfaction and discharge of de-

fendant's liability under the original contract. So said this court, in substance, in the decision referred to, rendered at the last term, to-wit: "Any recognition by Mrs. Gordon of certain notes as hers, after the date of the agreement, or any consent by her that they should be altered in form or compromised by Simmons, cannot be taken as a waiver of the agreement, unless such was her intent." After the holdings thus made on this very contract, the plea should have averred that the transaction which it set out was intended to be in discharge, satisfaction or payment, of defendant's liability.

5. The principle quoted above from the former decision also determines the merits of the plea contained in the proposition of defendant to amend his motion for a new trial. Even had he been entitled to make the amendment at that time under the facts stated, the plea could not have availed him. The pleas being properly stricken, the letter written by Mrs. Gordon, which was offered to be put in evidence, was irrelevant and inadmissible.

Judgment affirmed.